**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael KRANOVICH, Defendant—
Appellant.**

No. 03–10226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2004.

Decided July 21, 2005.

Ronald C. Rachow, Reno, NV, for Plaintiff–Appellee.

Fred Hill Atcheson, Esq., Reno, NV, for Defendant–Appellant.

Before: WALLACE and MCKEOWN, Circuit Judges, and MOSKOWITZ,* District Judge.

MEMORANDUM **

We previously affirmed Kranovich's conviction for theft involving a federally funded program, in violation of 18 U.S.C. § 666(a)(1), and theft of government property, in violation of 18 U.S.C. § 641, *see United States v. Kranovich,* 401 F.3d 1107 (9th Cir.2005), and we now address his challenge to his sentence.

---

* The Honorable Barry Ted Moskowitz, District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Kranovich contends the district court's imposition of a sentence enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, constituted impermissible double counting of the same conduct. First, he argues the conduct which triggered the enhancement was "part of the manner of the commission of crime," and "[t]he sentencing commission fully accounted for the embezzlement activities" separately from section 3C1.1. However, Kranovich's effort to impede an investigation by local authorities and the Nevada Division of Investigation was not a requisite element of his convictions under sections 666 and 641, and the obstruction of justice that resulted from his efforts to impede any investigation is a harm distinct from the fraudulent conversion accounted for by U.S.S.G. § 2B1.1, the Guideline applicable to offenses involving embezzled property. Kranovich relies on *United States v. Werlinger*, 894 F.2d 1015 (8th Cir.1990), but the court in that case had already accounted for Werlinger's efforts to conceal his embezzlement when it applied an adjustment for "more than minimal planning" pursuant to the former section 2B1.1(b)(4). *Id.* at 1017. In contrast, the district court here applied the 2002 version of section 2B1.1, which does not provide for a "more than minimal planning" adjustment. *See* U.S.S.G. app. C, amend. 617 (2003).

In addition, Kranovich argues that the section 3C1.1 enhancement was impermissible double counting because the district court also imposed an enhancement for abusing a position of trust. *See id.* § 3B1.3. Although Kranovich was able to obstruct the investigations due largely to his position as Sheriff, the obstruction enhancement addresses a harm that is dis-

tinct from the harm that results when a position of public trust is abused. As we stated in *United States v. Reese*, 2 F.3d 870, 895 (9th Cir.1993), "[w]hen more than one kind of harm is attributable to a given aspect of a defendant's conduct, failure to enhance his punishment for each harm caused thereby would defeat the Commission's goal of proportionality in sentencing." Therefore, we reject Kranovich's double-counting challenges to the section 3C1.1 sentence enhancement.

■ However, in light of the sentencing challenge based on *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), that defense counsel raised in supplemental briefing, we grant a limited remand pursuant to that case.

LIMITED REMAND.